UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-cv-81062-BLOOM/Reinhart

GEORGIY KARASEV,

    Plaintiff,

v.

MR. MART USA, LLC, *et. al.*

    Defendants.

_____/

## ORDER ON MOTION FOR RECONSIDERATION

**THIS CAUSE** is before the Court upon Defendants Vladislav Sirota and Sirota & Associates, P.C.'s ("Sirota Defendants") Motion for Reconsideration, ECF No. [147] ("Motion"), filed on October 29, 2018. The Court has reviewed the Motion, the record, and is otherwise fully advised in the premises. For the reasons stated below, the Motion is granted.

    **I.**    **PROCEDURAL BACKGROUND**

Plaintiff Georgiy Karasev ("Plaintiff") filed the above-captioned action on September 22, 2017. ECF No. [1]. On June 29, 2018, Sirota Defendants filed a crossclaim against Defendants Mehreen "Mona" Shah and Mona Shah, P.C. ("Shah Defendants"). ECF No. [97]. On August 8, 2018, the Parties mediated this matter before Magistrate Judge Bruce E. Reinhart. ECF No. [114]. On September 18, 2018, a second mediation was held before Judge Reinhart. ECF No. [127]. On September 28, 2018, the Sirota Defendants filed a Motion to Enforce Mediated Settlement Agreement. ECF No. [128]. On October 16, 2018, Shah Defendants filed a Motion to Enforce Mediated Settlement Agreement. ECF No. [133].

On October 23, 2018, Plaintiff filed a Notice of Voluntary Dismissal with Prejudice, stating that "Plaintiff reserves the right to seek enforcement of the Order to Show Cause entered on August 15, 2016 [ECF No. 116]." ECF No. [137]. That same day, the Court entered an Order of Dismissal with Prejudice, stating that "[t]he Court shall retain jurisdiction to enforce the terms of the parties' Settlement." ECF No. [138] ("October 23, 2018 Order of Dismissal"). On October 24, 2018, the Court entered an Amended Order of Dismissal with Prejudice, altering the October 23, 2018 Order of Dismissal "such that the Court retains jurisdiction to enforce the Court's Order to Show Cause," but without language indicating that the Court would retain jurisdiction to enforce the terms of the Parties settlement. ECF No. [139] ("October 24, 2018 Order of Dismissal").

On October 25, 2018, Shah Defendants and Sirota Defendants each filed Motions to Enforce the Mediated Settlement Agreement. ECF Nos. [140, 141]. On October 26, 2018, Defendant Mr. Mart USA, LLC ("Mr. Mart") filed a Motion to strike Defendants' Motions to Enforce the Mediated Settlement Agreement. ECF No. [143]. On November 28, 2018, the Parties filed a Consent to Proceed Before a United States Magistrate Judge Regarding the Motions to Enforce Mediated Settlement Agreement. ECF No. [161].

## II. THE MOTION FOR RECONSIDERATION

Plaintiff moves for reconsideration of the Court's October 24, 2018 Order of Dismissal. In the Motion, Sirota Defendants assert that it was manifest error of law to dismiss this case with prejudice upon the filing of Plaintiff's Notice of Voluntary Dismissal without affording the other Parties an opportunity to respond and object to the notice. ECF No. [1477] at 4. Sirota Defendants request that the Court amend the October 24, 2018 Order of Dismissal to retain jurisdiction to rule upon the Motions to Enforce the Mediated Settlement Agreement. Plaintiff

and Shah Defendants do not oppose the relief requested in the Motion. Mr. Mart filed a Response to the Motion, arguing that it would be a waste of judicial resources to amend the October 24, 2018 Order of Dismissal such that the Court retain jurisdiction over the Motions to Enforce the Mediated Settlement Agreement because those Motions are without merit. ECF No. [159].

A motion for reconsideration requests the Court to grant "an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002). A party may not use a motion for reconsideration to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (quoting *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)). "This prohibition includes new arguments that were 'previously available, but not pressed.'" *Id.* (quoting *Stone v. Wall*, 135 F.3d 1438, 1442 (11th Cir. 1998) (per curiam).

Within this framework, however, a court may grant reconsideration when there is (1) an intervening change in controlling law, (2) the availability of new evidence, and (3) the need to correct clear error or prevent manifest injustice. *Hood v. Perdue*, 300 F. App'x 699, 700 (11th Cir. 2008). Thus, a motion to reconsider is "appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Kapila v. Grant Thornton, LLP*, No. 14-61194-CIV, 2017 WL 3638199, at *1 (S.D. Fla. Aug. 23, 2017) (quoting *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (internal quotation marks omitted).

Here, the Court finds that it was improper to dismiss this matter with prejudice without affording the Parties sufficient opportunity to respond Plaintiff's Notice of Voluntary Dismissal. *See Macort v. Prem, Inc.*, No. 04-15081, 2005 WL 8151794, at *3 (11th Cir. Mar. 29, 2005) ("The district court made a manifest error of law … in granting [defendant]'s motion to dismiss her lawsuit with prejudice without allowing [plaintiff] to respond"). The Court is unconvinced by Plaintiff's argument that the Court should refrain from amending the October 24, 2018 Order of Dismissal based on the purported lack of merit of said Motions.

### III.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for Reconsideration, **ECF No. [147]**, is **GRANTED.**

2. The Amended Order of Dismissal with Prejudice, ECF No. [139], is **AMENDED** such that the Court retains jurisdiction to enforce the terms of the Parties' settlement.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 29th day of November, 2018.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record